**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Randall Jones, Jr., | No. CV-20-00526-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On March 11, 2020, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (Doc. 1.) On August 13, 2020, Magistrate Judge Fine issued a Report and Recommendation ("R&R") concluding the Petition should be dismissed with prejudice. (Doc. 15.) Afterward, Petitioner filed objections to the R&R (Doc. 18), Respondents filed a response (Doc. 19), and Petitioner filed a supplement (Doc. 20). For the following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and terminate this action.

I.   Background

*The Underlying Crime.* Early in the morning on an unspecified date in March 2014, police officers responded to a silent alarm at a gun shop. (Doc. 15 at 2.) Petitioner, who was present at the scene, fled on foot when he noticed the officers. (*Id.* at 3.) During the ensuing chase, Petitioner fired his gun at the pursuing officers. (*Id.*) The bullet missed and went through the wall of a nearby mobile home, nearly striking the home's occupant. (*Id.*) Later, Petitioner fired another shot at an officer, which also missed. (*Id.*) Petitioner

eventually raised his hands and dropped his gun. (*Id.*) Officers found approximately $40,000 worth of guns stuffed in duffel bags in and around the gun shop. (*Id.*)

*Trial Court Proceedings*. In July 2014, a grand jury charged Petitioner with one count of attempted murder, three counts of aggravated assault, one count of discharge of a firearm at a structure, two counts of burglary, one count of theft, and one count of endangerment. (*Id.* at 2.)

During trial, Petitioner was represented by counsel. (*Id.* at 3.) The judge granted a judgment of acquittal on one of the aggravated assault counts and the jury voted to convict on the remaining counts. (*Id.*) Petitioner was sentenced to multiple terms of imprisonment totaling 25 years. (*Id.* at 1.)

*Direct Appeal*. Petitioner timely appealed his convictions and sentence. (*Id.* at 3.) In his direct appeal, Petitioner asserted that (1) there was insufficient evidence supporting one of the aggravated-assault counts and the firearm-discharge count; and (2) he was denied the right to a unanimous verdict on certain counts because the verdict forms and jury instructions failed to identify the victim. (*Id.*)

On February 18, 2016, the Arizona Court of Appeals affirmed Petitioner's convictions but remanded to resolve a discrepancy between the sentencing minute entry and the trial judge's oral pronouncement of sentence. (*Id.*) Petitioner did not seek review in the Arizona Supreme Court. (*Id.* at 4.) On remand, the trial court clarified its sentences for various terms of imprisonment totaling 25 years. (*Id.*)

*PCR Proceedings—Trial Court*. On April 7, 2016, Petitioner filed a timely notice of post-conviction relief ("PCR"). (*Id.*)

On September 21, 2016, Petitioner's court-appointed counsel notified the court that, having reviewed the record, he could not identify any colorable issues. (*Id.*)

On December 8, 2016, Petitioner filed a *pro se* PCR petition. (*Id.*) In it, he raised the following claims: (1) there was insufficient evidence supporting certain counts of conviction; (2) prosecutorial misconduct; (3) the trial court failed to give a "multiple acts" statement, thereby violating his right to a unanimous verdict on certain counts; (4) his

sentences violated the Eighth Amendment; (5) the bail imposed violated the Eighth Amendment; and (6) his trial counsel was ineffective. (*Id.*)

On March 22, 2017, the trial court dismissed the PCR petition. (*Id.*)

*PCR Proceedings—Appellate*. On June 4, 2018, Petitioner filed a timely petition for review in the Arizona Court of Appeals. (*Id.*)

On September 11, 2018, the Court of Appeals granted review but denied relief. (*Id.*)

On October 1, 2018, Petitioner "filed a motion for telephonic attendance even though no court dates were set and the court of appeals had already granted review and denied relief." (*Id.* at 5.)

On October 10, 2018, the Court of Appeals denied the motion. (*Id.*)

On October 30, 2018, the Court of Appeals issued its mandate. (*Id.* at 5.)

On October 19, 2019—that is, nearly a year later—Petitioner filed a change of address form with the Court of Appeals. (*Id.*)

On February 18, 2020, Petitioner sent a letter to the Court of Appeals requesting a status update. (*Id.*)

On February 21, 2020, the Court of Appeals sent a copy of the docket to Petitioner. (*Id.*)

*The Petition*. As noted, Petitioner filed the Petition in March 2020. (Doc. 1.) It raises five grounds for relief: (1) insufficient evidence supports Petitioner's conviction for attempted murder, in violation of Petitioner's due process rights; (2) insufficient evidence supports Petitioner's convictions for discharging a firearm at a residence and endangerment, in violation of Petitioner's due process rights; (3) prosecutorial misconduct occurred, in violation of Petitioner's due process rights; (4) the trial court failed "to provide a multiple acts statement," in violation of Petitioner's right to a unanimous jury verdict; and (5) the sentences violate the Eighth Amendment. (*Id.* at 5-6.)

*The R&R*. The R&R concludes the Petition should be dismissed with prejudice because it was filed outside AEDPA's one-year statute of limitations. (*Id.* at 9-14.) Specifically, the R&R explains that Petitioner's state-court conviction became final on

October 17, 2018 (*i.e.,* 30 days after the Court of Appeals denied relief in the PCR appeal), the one-year statute of limitations expired on October 16, 2019, and Petitioner's habeas filing in March 2020 therefore came too late. (*Id.* at 9-10.) Next, the R&R explains that statutory tolling is inapplicable because Petitioner has already received credit for the entire period in which his direct appeal and PCR proceedings were pending. (*Id.* at 8-10.) As for equitable tolling, the R&R states that "Petitioner's argument for equitable tolling is based entirely on his claimed mistaken belief that his PCR proceedings were still pending in the Arizona Court of Appeals" and concludes this argument is unavailing because (1) "it was not reasonable for Petitioner to conclude that his PCR proceedings were still pending in the Arizona Court of Appeals after the September 11, 2018, decision granting review and denying relief" and "[i]t certainly was not reasonable for Petitioner to conclude that his PCR proceedings were still pending in the Arizona Court of Appeals after receiving the October 30, 2018, mandate from the court of appeals," (2) Petitioner's misinterpretation of the legal documents issued by the Court of Appeals does not, in any event, qualify as the sort of "extraordinary circumstance" that might trigger equitable tolling, and (3) Petitioner also failed to show "reasonable diligence" because, even assuming he misinterpreted some legal documents, he "waited over fifteen months after the court of appeals' mandate to inquire at all regarding the status of the proceedings." (*Id.* at 10-13.) Finally, the R&R concludes that Petitioner may not take advantage of "the actual innocence/*Schlup* gateway" because he merely raises challenges to the sufficiency of the evidence and "has not asserted actual innocence or supported his Petition with any new reliable evidence of actual innocence as required by the applicable caselaw." (*Id.* at 13-14.)

II. <u>Legal Standard</u>

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III. Analysis

Petitioner's objections to the R&R are not a model of clarity. (Doc. 18.) For example, the introductory paragraph states:

> JRJ submits the following objections to the R and R. The Suspension Clause bars Arizona's entitlement to AEDPA. In *Spears v. Stewart*, 283 F.3d 992, 1016-18 (9th Cir. 2002) due to delay in appointment of counsel review of Arizona's compliance with AEDPA, after the Supreme Court denied certiorari, was denied. As Petitioner asks this court to declare, in light of the ACLU and IACHR reports, that as Maricopa County Attorney and Superior Court, corrupt the criminal justice process, Arizona cannot benefit from AEPDA and as such the Suspension Clause bars AEDPA being applied.

(*Id.* at 5.) In any event, it appears that Petitioner seeks to raise three objections: (1) he is entitled to equitable tolling because he filed a motion for rehearing in the superior court in April 2017, which wasn't denied until May 2018 (*id.* at 6); (2) he is entitled to equitable tolling based on actual innocence (*id.* at 6-7); and (3) due to "structural defects in the

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

Maricopa County judicial system," which are detailed in reports issued by the ACLU and IACHR, Arizona is not entitled to benefits under AEPDA (*id.* at 7-10). Petitioner also requests an evidentiary hearing and appointment of counsel. (*Id.* at 10-11.)

Petitioner's objections lack merit. First, Petitioner is not entitled to equitable tolling based on his purported filing a motion for rehearing in April 2017. Petitioner acknowledges this motion was denied in May 2018. Petitioner does not explain why such a denial, which was then followed the Court of Appeals' rejection of his PCR-related appeal in October 2018, could have somehow led him to believe his case was still pending. Moreover, Petitioner has not challenged the R&R's determination that, irrespective of any confusion, he failed to exhibit reasonable diligence by waiting over fifteen months after the issuance of Court of Appeals' mandate to make any inquiry regarding the status of the proceedings. Second, Petitioner is not entitled to equitable tolling based on actual innocence. As Respondents correctly note, Petitioner's "insufficiency-of-the-evidence claims are not the equivalent of actual-innocence claims." (Doc. 19 at 2.) Third, because Petitioner's claims must be dismissed due to their untimeliness, there is no need to address his remaining objection, which concerns whether AEDPA deference would otherwise apply to his claims.

Finally, Petitioner is not entitled to an evidentiary hearing and his request for counsel will be denied, as he has not demonstrated that appointment of counsel is necessary to prevent a violation of due process or is otherwise warranted in the interests of justice.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 18) are **overruled**.

(2) The R&R's recommended disposition (Doc. 15) is **accepted**.

(3) The Petition (Doc. 1) is **dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

…

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 21st day of October, 2020.

_____
Dominic W. Lanza
United States District Judge